UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADDERLY EXANTUS,

                Petitioner,

vs.                              Case No.   2:07-cv-787-FtM-29SPC

MICHAEL B. MUKASEY, Attorney General
of the United States; et al.,

                Respondents.
_____

**OPINION AND ORDER**

This matter comes before the Court upon review of the *pro se* Petition for Writ of Habeas Corpus filed November 30, 2007 (Doc. #1, "Petition").  Petitioner, Adderly Exantus (alien no. 42-494-664), who is a citizen of the Bahamas was ordered removed by the United States on December 30, 2003 and entered into immigration custody on May 1, 2007.  Petition at 1.  Petitioner did not appeal his removal.  Id. at 4, ¶14.  In the instant action, Petitioner contends that his current detention violates § 241(a)(6) of the Immigration and Nationality Act, 8 U.S.C. § 1231 (a)(6), since he is unlikely to be deported in the reasonably foreseeable future. Id. at 7, ¶23.  Further, Petitioner argues that his continued detention violates the Due Process Clause. Id. at 7, ¶25. Accordingly, Petitioner seeks immediate release from confinement. Id. at 8, ¶2.

On March 15, 2008, after being granted an extension of time to respond (Doc. #11), Respondents file a Response to Petition

("Response") and advised the Court that the Bureau of Immigration and Customs Enforcement ("ICE") was unable to deport Petitioner to the Bahamas but was "attempting to find a family member [in Haiti] as the point of contact for Petitioner and expects to remove him in the immediate future." Response at ¶9 (Doc. #12). On March 26, 2008, Petitioner filed a Reply and advised the Court that he does not have any family members in Haiti. Reply at 1 (Doc. #14). Consequently, on May 7, 2008, the Court issued a Show Cause Order to Respondents and directed Respondents, on or before May 21, 2008, to advise the Court of the current status of Petitioner's deportation (Doc. #15).

In response to the Order to Show Cause, Respondents filed a Motion to Dismiss for Mootness on May 20, 2008 (Doc. #16, "Motion"). Respondents assert that the Petition is moot because Petitioner was released from custody under an Order of Supervision on April 25, 2008. Motion at 1, ¶1. Respondents submit a "DACS Custody Summary" as evidence of Petitioner's release.[1] Motion, Exhibit A. See also Document Entry dated May 21, 2008, mail returned undeliverable.[2]

---

[1]DACS, or Deportable Alien Control System, provides information on the status and disposition of deportation cases. www.immigration.com/glossary acronyms.html.

[2]Petitioner has not kept the Court apprised of his current mailing address, although directed to do so. See January 14, 2008 Order of Court at 3, ¶4 (Doc. #8).

Article III of the Constitution restricts the jurisdiction of the federal courts to "cases" or "controversies." <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 559 (1992). This limitation prohibits courts from considering moot questions because such questions cannot present an active case or controversy, thus, the court lacks subject matter jurisdiction. U.S.C.A. Const. Art. III. <u>Coral Springs St. Sys., Inc. V. City of Sunrise</u>, 371 F.3d 1320, 1328 (11th Cir. 2004). Cases can be rendered moot due to a change in circumstances or a change in law. <u>Id.</u> at 1328. When the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a decision could no longer provide meaningful relief to a party, the case is moot. <u>Troiano v. Supervisor of Elections in Palm Beach County, Fla.</u>, 382 F.3d. 1276, 1282 (11th Cir. 2004) (citing <u>Al Najjar v. Ashcroft</u>, 273 F.3d 1330, 1335-36 (11th Cir. 2001)). In such circumstances, dismissal is not discretionary but "is required because mootness is jurisdictional. Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." <u>Id.</u>

A narrow exception to the mootness doctrine exists for those cases that are "capable of repetition yet evading review". See <u>De La Teja v. United States</u>, 321 F.3d 1357, 1363, n.3 (11th Cir. 2003). Two conditions must be met for the exception to apply: 1) the challenged action must be of a "duration too short to be fully litigated prior to its cessation or expiration"; and 2) there must be a "reasonable expectation that the **same complaining party would**

**be subjected to the same action again.**" Christian Coalition of Ala. v. Cole, 355 F.3d 1288, 1293 (11th Cir. 2004) (emphasis added).

The Court finds that the circumstances before the Court do not fall within this narrow exception. Any claim that Petitioner's release will be revoked in the future would be purely speculative and Petitioner has not made a showing of actual injury surviving his release. As such, there is no case or controversy for judicial review, the Petition is now moot, and the Respondents' Motion to Dismiss is due to be granted.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Respondents' Motion to Dismiss for Mootness (Doc. #16) is **GRANTED** and the Petition is **DISMISSED as moot.**

2. The **Clerk of Court** shall: 1) enter judgment accordingly; 2) terminate any outstanding motions; and 3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __4th__ day of June, 2008.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record